MORRISON et al. v. SONN et al.

(Circuit Court, N. D. New York. October 14, 1901.)

No. 6,702.

1. PATENTS—SUIT FOR INFRINGEMENT—DEFENSES.

In a suit for infringement the chancellor should be satisfied upon three fundamental questions: First. Has the patentee invented something? Second. Is the invention described in the specification? Third. Is it covered by the claim? If these questions be all answered in the affirmative, the court should not permit a defendant who has appropriated all

the advantages of the invention to escape because of changes in form only, no matter how specious or ingenious they may be.

2. SAME—VALIDITY AND INFRINGEMENT—BRUSH-MAKING MACHINE.

The Morrison patent, No. 570,604, for a brush-making machine, the essential feature of which is a reciprocating hopper for assembling the bristles in the recesses of the brush plate, discloses an invention of a high order of merit and usefulness in the art, which was not anticipated, and the patent is valid, and entitled to a liberal construction. Claim 1 construed, and *held* infringed.

In Equity. Suit for infringement of patent. On final hearing.

George A. Mosher, for complainants.

N. Davenport and William W. Morrill, for defendants.

COXE, District Judge. This action is brought to restrain the infringement of letters patent No. 570,604, granted November 3, 1896, to William Morrison for improvements in brush-making apparatus. The patent is now owned by the complainants. The main object of the invention is to provide efficient means for rapidly feeding and inserting short lengths of bristle into the recesses of an apertured plate. This is accomplished by employing a reciprocating hopper for holding the bristles, having a reticulated bottom through the meshes of which, when the hopper is agitated, the bristles are sifted vertically and inserted in the receiving plate beneath, until its apertures are filled with knots or bunches ready for the brush. The characteristic of the invention is that the bristle-receiving plate is supported in a fixed position relatively to the hopper while the latter is being moved rapidly towards and from the plate. The first claim only is involved. It is as follows:

"In a brush apparatus, the combination with a bristle-feeding hopper having a reticulated bottom, and mechanism for agitating the hopper, of a bristle-receiving plate having a plurality of bristle recesses and a stationary support for the plate below the hopper, substantially as described."

The defenses are lack of novelty and invention and noninfringement.

The combination of the claim contains the following elements: First. A bristle-receiving hopper having a reticulated bottom. Second. Mechanism for agitating the hopper. Third. A bristle-receiving plate having a plurality of bristle recesses. Fourth. A stationary support for the plate below the hopper. This combination is new in the art of brush-making. A reciprocating hopper was never used before for the purpose of assembling the bristles in the recesses of the brush plate. Novelty is not negatived by the suggestion that at the time of the invention sieves for sifting ashes and flour were old. Wire gauze was old when Davy invented the safety lamp, and hard rubber was old when used as a plate for holding artificial teeth; but no one disputes the valuable inventions residing in the new application. The use of a reciprocating hopper in brush-making was a novel and ingenious idea which would not occur to the ordinary mechanic. The truth of this statement will be apparent when the phenominal character of the work accomplished is considered. A bushel of loose bristles is thrown promiscuously into the hopper. These bristles are less than an inch in length and are zigzagged at every conceivable angle. A

quick jarring vertical motion is imparted to the hopper and the bristles are quickly assembed in the stationary plate below in vertical bunches ready to be anchored for use in the completed brush. Nothing in the art. suggests such a use or such a result. Prior to the Morrison invention brushes were made by hand, assisted, in recent years, by machinery at several stages of the process. Hellwig, in 1893, (letters patent No. 506,397) invented a brush machine in which a box is filled with bristles carefully arranged in an upright position above an apertured receiving plate, or brush back, which is firmly fastened to the box. The box is then secured to a jolting platform which, when agitated, causes the bristles to fall into the holes of the brush back. The bristles are in a perpendicular position from the beginning to the end of the jolting operation. Hutchinson, in 1895 (letters patent, No. 538,782) having in mind, undoubtedly, the Hellwig patent, thus describes the prior art:.

"In making brushes it is customary to arrange the bristles or hair in a box containing a perforated brush back and then to shake the box violently up and down so as to force the bristles longitudinally through the perforations in the said brush back."

His object, evidently, was to produce a shaking machine of greater simplicity and capacity than the Hellwig structure. There is nothing in either patent to suggest the use of a reciprocating hopper filled with bristles thrown in promiscuously. This feature is unquestionably the gist of the Morrison invention and it is found nowhere in the prior art or any allied arts.

The argument in favor of noninfringement rests wholly upon the allegation that the defendants do not use a removable guide plate or an equivalent therefor. Whether this position is tenable or not depends largely upon the construction given to the claim. It is clearly the duty of the court, being convinced that Morrison has made a valuable step in the art of brush-making, to give the claim a liberal rather than a narrow and technical construction. There is nothing in the claim itself to require the limitation to a removable metal guide plate with funnel-shaped holes. The claim speaks of a receiving plate having a plurality of bristle recesses. It says nothing more. Neither the prior art nor the specification requires the limitation. Indeed, the patents in evidence show that plates of both constructions were used interchangeably and as well-recognized equivalents. That the patentee did not intend so to limit the first claim is shown by the fact that the second claim is expressly restricted to a plate having downwardly tapering holes. In short, the court fails to perceive why a wooden plate with holes of uniform size from top to bottom is not within the claim. This is precisely what the defendants use, and they fill its apertures with bristles in the indentical manner described. In other words, they use the patented combination and seek to avoid responsibility because, after using it, they adopt a different method of holding the bristles in place from that described in the specification. The essence of the invention is not found in the form of the plate, the material composing it, or the shape of the holes. The plates in controversy are clearly equivalents. The defendants' plate could be filled with bristles if placed under the hopper of the

patent and the complainants' plate would operate equally well if held in position under the defendants' hopper. It cannot be possible that one using the identical machine described in the patent can escape infringement because he subsequently uses the apertured plate as a brush back. And yet if the contention of the defendants be carried to its logical conclusion it would compel the court to release an infringer who uses the machine of the patent because he uses something in addition to that machine. The chancellor should, in these cases, be satisfied upon three fundamental propositions: First. Has the patentee invented something? Second. Is the invention described in the specification? Third. Is it covered by the claim? If these questions be all answered in the affirmative the court should not permit a defendant, who has appropriated all the advantages of the invention, to escape because of changes in form only, no matter how specious or ingenious they may be. It would be an exceedingly harsh construction, because the patentee has illustrated one way, and the preferred way, of making a brush by his machine, to hold that others may use the machine and avoid the consequences because they adopt a different though well-known method of holding the tufts in place.

The complainants are entitled to a decree for an injunction and an accounting.